*In re* MARRIAGE OF CHARLES F. HUMPHREY, Petitioner-Appellant, and SUSAN I. HUMPHREY, Respondent-Appellee.

Fifth District   No. 82—725

Opinion filed January 12, 1984.—Rehearing denied February 7, 1984.

Hanagan and Ford, of Benton, for appellant.

Joseph J. Neely, of Neely and Neely, of Metropolis, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

On December 14, 1982, the marriage of Charles F. Humphrey, petitioner, and Susan I. Humphrey, respondent, was dissolved by a judgment filed in the circuit court of Pope County. This judgment followed a November 22, 1982, order in which the court ordered all of petitioner's pleadings stricken as a consequence of his refusal to produce certain documents and file answers to interrogatories as ordered by the court. Petitioner appeals from both this order and the judgment, as well as from a December 15, 1982, order sentencing him to 60 days' imprisonment on a prior finding that he was in contempt of court. For the reasons which follow, we reverse the November 22, 1982, order, the judgment of dissolution, and the sentencing order of December 15, 1982, and remand for further proceedings.

Initially, petitioner argues that the November 22, 1982, order imposing sanctions must be reversed because petitioner did not receive proper notice of the fact that his counsel had withdrawn from the case prior to the hearing on respondent's motion for sanctions. We agree. The record establishes that on November 9, 1982, petitioner's counsel filed a motion to withdraw from the case. The proof of service attached to the motion certified only that a copy of the motion "was served upon the attorneys of record of all parties," and there is nothing to indicate that petitioner ever received a copy of the motion. A docket entry dated November 16, 1982, reflects that the motion for leave to withdraw filed by petitioner's counsel was granted on that date. Also on November 16, 1982, the hearing on respondent's motion for sanctions was held. Neither petitioner nor any attorney represent-

ing him appeared at this hearing.

■■ Supreme Court Rule 13(c)(2) (87 Ill. 2d R. 13(c)(2)) provides, in pertinent part, that "[a]n attorney may not withdraw his appearance for a party without leave of court and notice to all parties of record, and, unless another attorney is substituted, he must give reasonable notice of the time and place of the presentation of the motion for leave to withdraw, by personal service, or by certified mail directed to the party represented by him at his last known business or residence address." In the instant case, the record fails to establish even minimum compliance with these requirements. While respondent asserts that certain affidavits contained in the record establish that the petitioner "was fully aware of the status of his case" at all times, thereby rendering his counsel's noncompliance with Rule 13(c)(2) harmless, we do not believe that such is the case. These affidavits establish no more than that a copy of the file was forwarded to a different attorney at petitioner's request on November 9, 1982. It does not follow, however, that petitioner's efforts to make another attorney aware of the status of his case indicate that petitioner was fully aware of his current attorney's immediate efforts to withdraw, and we will not eviscerate Rule 13(c)(2) by speculating on what the party not receiving notice might have known. Accordingly, since there is nothing establishing that petitioner knew his counsel had withdrawn prior to the hearing on the motion for sanctions, and since petitioner was in fact unrepresented at that hearing, the November 22, 1982, order striking all of petitioner's pleadings must be reversed. Since the terms of the December 14, 1982, final judgment of dissolution were determined without consideration of any of petitioner's pleadings, that judgment must also be reversed.

Petitioner next argues that the court erred in sentencing him to 60 days' imprisonment for contempt of court. We note parenthetically that the December 15, 1982, order terminating a prior stay of commitment on the contempt finding, and sentencing petitioner to 60 days' imprisonment, resulted from a hearing held November 1, 1982, before petitioner's original counsel withdrew from the case. Petitioner characterizes the contempt in question as civil in nature, and argues that the sentence imposed was improper in that he was not given an opportunity to purge himself by complying with the underlying child support and discovery orders of the court. Respondent agrees that the contempt was civil in nature, but asserts that inclusion of the paragraph sentencing petitioner to 60 days' imprisonment was inadvertent. It is respondent's position that the record, taken as a whole, indicates that the court intended to imprison respondent for civil

contempt, and to provide him with an opportunity to purge himself by paying accrued child support.

■■ "Appeals are not designed to decide what a judgment means, as opposed to whether it is erroneous" (*People v. Hollingsworth* (1982), 89 Ill. 2d 466, 468, 433 N.E.2d 682), and we will not search for hidden meaning in the court's unambiguous order sentencing petitioner to 60 days' imprisonment. While such a sentence may be proper in circumstances involving criminal contempt, both parties concede that the contempt at issue here was civil in nature, as it was intended to compel obedience to orders or decrees for the benefit of an opposing party (*People ex rel. Chicago Bar Association v. Barasch* (1961), 21 Ill. 2d 407, 409, 173 N.E.2d 417). When a contempt order is civil in nature, it is improper to the extent it fixes a definite punishment without giving the contemnor the opportunity to purge himself of the contempt. (*Continental Illinois National Bank v. Brach* (1979), 71 Ill. App. 3d 789, 793, 390 N.E.2d 373.) Accordingly, the order of December 15, 1982, must be reversed.

Finally, we have considered respondent's arguments that this appeal should be dismissed, and conclude that they are without merit. Contrary to respondent's assertions, the record does contain the notice of appeal filed by petitioner, and the appendix to petitioner's brief is in proper form.

For the foregoing reasons, the order of November 22, 1982, the judgment of dissolution of December 14, 1982, and the sentencing order of December 15, 1982, are reversed, and this cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

WELCH, P.J., and KARNS, J., concur.