919 F.2d 143
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mary DEIMLER and Mark Deimler, Plaintiffs-Appellants,
v.
Judge George PEASE and Judge Harry Hartell, of the 19th
Judicial Circuit of Illinois, Defendants-Appellees.
 No. 89-3807.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 25, 1990.*
Decided Nov. 26, 1990.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiffs-Appellants, Mary and Mark Deimler, appeal from the district court's decision dismissing their claims brought under 42 U.S.C. Sec. 1983, alleging constitutional violations in the custody decisions made by the defendant judges. After reviewing the decision of the district court, the briefs, and the record, we have determined that the district court properly identified and resolved the issues before us on appeal; therefore, we affirm the decision of the district court for the reasons stated in the attached memorandum opinion.
 
 ATTACHMENT
 
 2
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 No. 89 C 6282
 
 3
 Nov. 28, 1989.
 
 MEMORANDUM OPINION AND ORDER
 
 4
 HART, District Judge.
 
 
 5
 Defendants Judge George Pease and Judge Harry Hartell have moved to dismiss the complaint of plaintiffs Mary Deimler and Mark Deimler. The allegations of the pro se complaint are construed liberally and the facts alleged are assumed to be true.
 
 
 6
 In August 1983, Mary Deimler and Kurt Hansen were divorced. They had joint custody of their two children, but the children primarily resided with Mary Deimler. In October, Mary and Mark Deimler were married. Hansen subsequently sought to modify custody based on Mark Deimler's allegedly unwholesome influence on the children. The matter was set before Judge Hartell of the 19th Judicial Circuit of Illinois. Plaintiffs allege Hartell prevented Mary Deimler from presenting any of her evidence. On January 13, 1981, custody was temporarily modified to provide that Hansen had custody of both children. This allegedly was in violation of Illinois law. Mary Deimler's reconsideration motions were denied. It is also alleged that actions regarding marital property were denied. In June 1984, Judge Hartell initially granted Mark Deimler's motion to intervene in the custody dispute. On Hansen's motion to reconsider, however, intervention was denied. In August 1984, Judge Hartell recused himself from the case following Mary Deimler's motion to do so. Judge Pease, also of the 19th Judicial Circuit, was then assigned the case. On August 17, 1984, Judge Pease entered a final order modifying custody. Hansen now has custody of the children. It is unclear if Mary Deimler retains any visitation or custody rights, but it is alleged Hansen does not allow her to see or talk to her children. Neither Mary Deimler nor Mark Deimler appealed the circuit court rulings to the Illinois Appellate Court.
 
 
 7
 The Deimlers claim they were denied due process and equal protection of the laws in violation of both the federal and Illinois Constitutions. They seek a declaratory judgment that the proceedings followed were unconstitutional and an injunction prohibiting the enforcement of the custody modification order.
 
 
 8
 This court lacks jurisdiction over this matter if plaintiffs do not have standing. Robinson v. City of Chicago, 868 F.2d 959, 966 (7th Cir.1989). In order to have standing, the relief requested must be likely to do plaintiffs some tangible good. Mann v. Hendrian, 871 F.2d 51, 52 (7th Cir.1989). In order to show that an injunction against the judges would do any good, it must be shown that plaintiffs are likely to appear before them again. Id. at 53. Plaintiffs will not appear before Judge Hartell again since he has recused himself. Therefore, there is no jurisdiction over any claim against Judge Hartell. Judge Pease, however, will apparently preside over any subsequent attempt to modify custody. See Rules of Practice of the 19th Judicial Circuit Rule 15.02(a). Since plaintiffs continue to seek custody of the two children, there is a sufficient likelihood that they will appear before Judge Pease again. There is standing to proceed against Judge Pease.
 
 
 9
 Defendant moves to dismiss the claims against him on the ground that the statute of limitations has run. The applicable limitations period is essentially two years. See Anton v. Lehpamer, 787 F.2d 1141 (7th Cir.1986).[1] The statute of limitations is an affirmative defense. Fed.R.Civ.P. 8(c). Since an affirmative defense, plaintiffs need not plead in their complaint facts showing it does not apply. Ordinarily the statute of limitations defense should be raised by summary judgment, not by a motion to dismiss. However, where no disputed factual issues exist, it can be considered on a motion to dismiss. See Butcher v. United Electric Coal Co., 174 F.2d 1003, 1006 (7th Cir.1949); C.A. Wright & A. Miller, Federal Practice & Procedure Sec. 1277 at 332 (1969). No factual issues are raised regarding Mark Deimler, but it is contended that Mary Deimler was incapacitated from 1984 until July 1988. On the present motion, this must be assumed to be true.[2] Mary Deimler's action is not barred by the statute of limitations.
 
 
 10
 Mark Deimler contends his claim is not barred because there is a continuing violation. Although harm may continue, all the allegedly improper conduct by Judge Pease occurred in 1984. Any claim Mark Deimler may have accrued in 1984 and was barred by the statute of limitations when this action was filed in 1989.
 
 
 11
 Judge Pease also contends the complaint should be dismissed based on judicial immunity. Mary Deimler, however, does not seek damages, but only injunctive and declaratory relief. Her claims are not barred by judicial immunity. Scruggs v. Moellering, 870 F.2d 376, 378 (7th Cir.), cert. denied, 109 S.Ct. ---- (1989).
 
 
 12
 Certain of Mary Deimler's claims must be dismissed because they state no cognizable claim. Failing to follow state law is not, by itself, a violation of the federal Constitution. Muckway v. Craft, 789 F.2d 517 (7th Cir.1986). Plaintiff has no equal protection claim; she does not claim she was treated differently than others because of being a member of any group or classification, nor even that she was treated differently than others similarly situated. Id. Her principal claim would seem to be a denial of due process. She, however, claims the actions of Judge Pease violated Illinois law. Her opportunity to appeal to the Illinois Appellate Court, therefore, provides adequate procedural due process. See Kauth v. Hartford Insurance Co. of Illinois, 852 F.2d 951, 955-56 (7th Cir.1988). Also, any substantive due process claim for deprivation of property must fail. See id. at 956-58. Mary Deimler, however, also has a fundamental right in the care and custody of her children. See Hameetman v. City of Chicago, 776 F.2d 636, 642 (7th Cir.1985). The availability of postdeprivation remedies in state court do not affect the validity of claims based on deprivations of substantive due process rights. Kauth, 852 F.2d at 958; Tony-El v. Franzen, 777 F.2d 1224, 1226-27 (7th Cir.1985), cert. denied, 476 U.S. 1178 (1986). See also Patsy v. Board of Regents, 457 U.S. 496 (1982). It would appear that the claim for denial of her substantive constitutional right to the care and custody of her children cannot be dismissed on its merits on the present motion.
 
 
 13
 However, regardless of the merits of any claim, there is another doctrine which requires the dismissal of this case. A federal district court generally has no jurisdiction to review state judicial proceedings. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Lynk v. LaPorte Superior Court No. 2, 789 F.2d 554, 563 (7th Cir.1986). This is true even if those proceedings are alleged to be in violation of the federal Constitution. Feldman, 460 U.S. at 485 (quoting Doe v. Pringle, 550 F.2d 596, 599 (10th Cir.1976)); Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir.1986). An allegedly unconstitutional law enforced by a state court may be challenged in federal district court, but a court's particular application of the law to an individual cannot be challenged in federal district court. Id.; Feldman, 460 U.S. at 485. For example, a district court would have jurisdiction over a claim, attacking on constitutional grounds, a state law forbidding a mother from presenting evidence in support of her right to custody. There is, though, no jurisdiction over a claim that, despite state procedures to the contrary, a mother was denied an opportunity to present her evidence in support of custody. The latter is the type of claim Mary Deimler brings. Both plaintiffs are essentially seeking review of a state court proceeding. This court has no jurisdiction over such a claim.
 
 
 14
 All the claims of both plaintiffs are dismissed for lack of subject matter jurisdiction. To the extent, however, that this court has jurisdiction over any claims made, they are dismissed for the other reasons given in this opinion.
 
 IT IS THEREFORE ORDERED that:
 
 15
 (1) Defendants' motion to dismiss is granted.
 
 
 16
 (2) The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiffs dismissing plaintiffs' cause of action.
 
 
 17
 (3) Plaintiffs are advised that, if they wish to appeal this order, they must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of entry of this order.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Plaintiffs-Appellants have filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Anton holds that the applicable period for cases accruing before the Supreme Court decision in Wilson v. Garcia, 471 U.S. 265 (1985), is five years from the date of accrual or two years from the April 17, 1985 decision in Wilson, whichever is shorter. Since Mary Deimler was allegedly incapacitated on the date Wilson was decided, the statute of limitations for her claim would run for two years after her incapacity ended, which, based on her allegation, would be until July 1990
 
 
 [2]
 Even if plaintiffs were ordinarily obliged to plead such facts in the complaint, which they are not, allegations contained in a pro se brief are to be considered part of the pleadings. Matzker v. Herr, 748 F.2d 1142, 1152 n. 5 (7th Cir.1984)