14 F.3d 44
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Eric V. BLEICKEN, Plaintiffs, Appellants,
v.
Harold PERKINS, ETC., ET AL., Defendants, Appellees.
 No. 93-1531.
 United States Court of Appeals,
First Circuit.
 December 29, 1993
 
 Appeal from the United States District Court for the District of New Hampshire
 Eric V. Bleicken on brief pro se.
 D.N.H.
 AFFIRMED.
 Before Cyr, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Pro se plaintiff Eric Bleicken appeals from the dismissal of his 42 U.S.C. Sec. 1983 complaint for the failure to state a claim upon which relief can be granted. We have thoroughly reviewed the record and Bleicken's submissions on appeal. We affirm the dismissal for the reasons stated in the magistrate judge's report and recommendation of February 12, 1993. We add that, where none of the appellant's prolific filings demonstrate that he was ever incarcerated for contempt as a result of his failure to pay child support, he has failed to state a claim for damages for violation of his alleged right to counsel. The Supreme Court has stated that "actual imprisonment" is the "line defining the constitutional right to appointment of counsel." See Scott v. Illinois, 440 U.S. 367, 373-74 (1979) (applying Sixth and Fourteenth Amendments in context of state criminal proceeding). Since Bleicken has not alleged that he was imprisoned, he has failed to state a claim for violation of this right.
 
 
 2
 To the extent the complaint might be construed to state a claim for equitable relief against Bleicken's future incarceration for nonsupport absent appointed counsel, the claim is too speculative. Should Bleicken be subjected to further contempt proceedings for nonsupport, he may assert indigence as a defense. If he loses and is incarcerated, he may appeal to the New Hampshire Supreme Court and, if need be, to the Supreme Court of the United States. See Henkel v. Bradshaw, 483 F.2d 1386, 1390 (4th Cir. 1973). If he remains incarcerated, he may then seek federal habeas relief. Compare Mann v. Hendrian, 871 F.2d 51, 53 (7th Cir. 1989)(affirming dismissal of 42 U.S.C. Sec. 1983 suit for declaratory and injunctive relief against state court judge's alleged policy of refusing to appoint counsel for indigent defendants subject to contempt proceedings for failure to pay child support). However, the present complaint does not state a claim for injunctive relief or damages for violation of Bleicken's alleged right to counsel.
 
 
 3
 Bleicken's remaining claims are too numerous to recount. By and large, they allege violations of state law without reference to federal rights. These alleged violations of New Hampshire law do not state claims for constitutional violations actionable under 42 U.S.C. Sec. 1983. See Malachowski v. City of Keene, 787 F.2d 704, 708 (1st Cir.), cert. denied, 479 U.S. 828 (1986). Indeed, the complaint essentially seeks relief from numerous orders entered by the New Hampshire superior court in Bleicken's divorce and child custody dispute, particularly the child support order. "It is crystal clear that we lack appellate or non-habeas jurisdiction over decisions of the courts of any state....". Rivera-Puig v. Garcia-Rosario, 983 F.2d 311, 317 (1st Cir. 1992). These asserted claims of error were properly dismissed. See Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990).
 
 
 4
 The district court did not specifically address Bleicken's claim that Judges Perkins, Morrill and Commissioner King conspired to extort Ellene Bleicken's share of the proceeds of the sale of the marital home to prevent Bleicken from hiring counsel. Bleicken's complaint also may be construed as alleging that all of the defendants conspired against him as a result of "gender bias" and "prosecutorial vindictiveness." These conspiracy allegations are wholly conclusory and thus insufficient. See Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977), cert. denied, 434 U.S. 1077 (1978).
 
 
 5
 We also agree with the district court's conclusion that defendants Perkins, Morrill, Carlson, Vaughan and King were entitled to absolute immunity for their judicial and quasi-judicial acts. See Cok v. Cosentino, 876 F.2d 1, 2-3 (1st Cir. 1989)(per curiam). While Bleicken has made the conclusory assertion that certain of the defendant judges knowingly acted in excess of their jurisdiction, his factual allegations belie this assertion and fail to establish a clear absence of jurisdiction sufficient to overcome the defendant judges' immunity.[1]
 
 
 6
 Finally, we reiterate that this circuit "do[es] not allow non-lawyers to represent litigants other than themselves." Amman v. Stow School System,, 982 F.2d 644, 648 (1st Cir. 1992). Accordingly, this appeal has been allowed to proceed as to Eric Bleicken alone. This principle also supports the district court's dismissal of Bleicken's equal protection claim on behalf of his daughter Maliaka. Insofar as Bleicken also purported to state claims on behalf of his deceased mother and other children, these claims also were properly dismissed.
 
 Judgment affirmed.[2]
 
 
 [1]
 To the extent that Bleicken's claim against defendant Vaughan is predicated on her testimony at the custody hearing, Vaughan is entitled to witness immunity. See Briscoe v. LaHue, 460 U.S. 325, 329 (1983). And to the extent Bleicken seeks to hold the chief justices of the New Hampshire superior and supreme courts liable for the acts of other justices, there is no respondeat superior liability under 42 U.S.C. Sec. 1983. See Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984). These justices remain immune from liability for the decisions of their respective courts
 
 
 [2]
 The appellant's motion to amend his brief is denied