UNITED STATES FIDELITY AND GUARANTY COMPANY, Plaintiff-Appellee, v. WILLIAM ROBERT LEE, Defendant (Nathan Shefner, Defendant-Appellant).

First District (5th Division)   No. 1—90—1596

Opinion filed June 5, 1992.

Nathan Shefner, of Chicago, appellant *pro se.*

Gary J. Matejcak, of Mathews, Jackson & Hollywood, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Defendant Nathan Shefner (Shefner) appeals from an order of the circuit court of Cook County, striking his motion to vacate a default judgment against him dated December 14, 1989. For several reasons, we dismiss the appeal.

The history of the case is rather extensive. In 1984 William Robert Lee (Lee), represented by attorney Nathan Shefner (defendant-appellant herein), filed a complaint for an accounting and injunction against his sister, Susan Egan. In the complaint Lee alleged that funds his mother and grandmother obtained from the sale of certain real property had been fraudulently withheld from distribution upon his mother's death. Egan filed a motion to dismiss the complaint and for an award of attorney fees pursuant to section 2—611 of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 2—611.) The motion was granted and attorney fees in the amount of $1,875 were awarded.

Lee appealed the order dismissing his complaint and awarding attorney fees and petitioned the appellate court to issue an order staying the enforcement of the order awarding attorney fees pending the appeal. The stay was granted with the proviso that an appeal bond be filed with the court in the amount of $2,500. In response, Shefner entered into a surety bond contract with United States Fidelity and Guaranty Company (USF&G). An appeal bond was then posted in this court with USF&G as surety. The appeal bond stated, "We jointly and severally agree to pay [Egan's attorneys] any part of the award which is not reversed." Shefner signed the appeal bond for Lee and in his own name "as principal."

Subsequently, this court affirmed the dismissal of Lee's complaint and the award of attorney fees. (See *Lee v. Egan* (1987), 160 Ill. App. 3d 1078, 513 N.E.2d 1023.) Thereafter, Egan and her attorneys made a demand upon USF&G as surety on the appeal bond. On May 12, 1988, USF&G discharged its obligation and paid Egan's attorneys $2,477.93, which represents the full payment of the $1,875 judgment plus interest. USF&G then made a demand for reimbursement upon Shefner, but Shefner refused to pay. Consequently, USF&G filed a complaint in the circuit court of Cook County against Lee and Shefner to recover the monies it had expended. Lee, however, was apparently never served.

Shefner appeared on his own behalf and filed a motion to strike and dismiss the complaint, alleging that USF&G failed to state a cause of action against him. Shefner admitted in his memorandum to the court that USF&G paid $2,477.93 to Egan's attorneys based upon the bond that had been posted in Lee's appeal. However, Shefner alleged that the payment had been improper because the award of attorney fees had not been "reduced to judgment" or "recorded in the office of the Recorder of Deeds" and thus "was meaningless insofar as creating a lien on real or personal property of William Robert Lee."

On November 30, 1989, the circuit court denied Shefner's motion to strike and dismiss the complaint and set the matter for trial on Decem-

ber 14, 1989. Shefner failed to appear in court on that date and a default judgment was entered against him in the amount of $2,477.93 plus costs. On January 5, 1990, Shefner filed a motion to vacate the December 14, 1989, judgment against him, and on May 14, 1990, the motion was denied. In addition, the court continued to June 11, 1990, the hearing on USF&G's motion for attorney fees.

On June 4, 1990, Shefner filed a notice of appeal, stating that he was appealing "from the ex party [sic] judgement entered on December 14, 1989."

It is difficult to know where to begin when addressing this appeal. Although Shefner's notice of appeal indicates that he is appealing from the December 14 order, wherein the court entered a default judgment against him, he includes the order dated May 14, 1990, in his brief as the order appealed from. Also, in the notice of appeal, Shefner states that he seeks a reversal of the "order appealed from," i.e., the order denying his motion to vacate, yet he never addresses the trial court's denial of the motion to vacate in his appeal.

■ We realize that a notice of appeal brings before the reviewing court the entire record and is to be liberally construed. However, when an appeal is taken from a specified judgment, the appellate court does not acquire jurisdiction to review other judgments not specified in the notice of appeal. *Outdoor Media, Inc. v. Village of Bellwood* (1987), 162 Ill. App. 3d 1041, 516 N.E.2d 419.

■ Assuming that we are being asked to consider the May 14 order denying Shefner's motion to vacate, we note that a trial court may, in its discretion, vacate any default at any time before final order or judgment is entered or set aside any final order or judgment upon petition filed within 30 days of its entry. (Ill. Rev. Stat. 1987, ch. 110, par. 2–1301(e).) The moving party has the burden of establishing sufficient grounds to vacate a judgment, and the trial court's resolution of this matter will not be reversed absent an abuse of discretion. *Day v. Curtin* (1989), 192 Ill. App. 3d 251, 254, 548 N.E.2d 670.

In this case Shefner failed to even attempt to demonstrate in what manner the trial court abused its discretion by refusing to vacate the judgment against him. Rather, Shefner disregarded the trial court's order on the motion to vacate altogether and merely presented his proposed defense to the complaint itself.

■ Furthermore, Shefner's brief on appeal, under the heading "Points and Authorities," sets forth three items and lists two cases. However, the portion of the brief entitled "Argument," which is less than two pages in length, makes no reference to the three proposed "points" and cites no case law. The statement of facts contains no refer-

ences to pages of the record on appeal, contains copies of orders rather than a summary of their content and directs this court to make "a part hereof" several documents contained within the record. We believe that this brief fails to meet the minimum standard requirements of Supreme Court Rule 341(e) (134 Ill. 2d R. 341(e)) and would warrant the striking of Shefner's brief and dismissal of the appeal.

Nevertheless, it is also apparent from the record that this court lacks jurisdiction to consider the appeal since Shefner has appealed from a nonfinal order which does not contain the language necessary under Supreme Court Rule 304(a) for making nonfinal orders appealable. 134 Ill. 2d R. 304(a).

Shefner appealed from the May 14, 1990, order denying his motion to vacate the default entered against him on December 14, 1989. A copy of the December 14, 1989, order is not contained within the record. However, it is clear from the record that the default judgment entered on this date decided only the issue of Shefner's liability on the surety bond. The court did not determine the amount of damages to which USF&G was entitled. On May 14, 1989, the trial court had still not assessed the amount of damages due USF&G. In addition to denying Shefner's motion to vacate, the May 14, 1990, order granted USF&G a continuance for a prove up on the issue of attorney fees, an element of damages claimed by USF&G in its complaint. Consequently, all of the claims had not yet been disposed of and no final order yet existed from which Shefner could appeal.

Appeal from a nonfinal order is governed by Supreme Court Rule 304(a). A nonfinal order must contain the special ruling that there is no just cause to delay enforcement or appeal of the judgment to become appealable. This court is not vested with jurisdiction to consider an appeal of a nonfinal order which does not contain this language (*Raglin v. HMO Illinois, Inc.* (1991), 217 Ill. App. 3d 1076, 578 N.E.2d 108), and failure to obtain the necessary language makes it encumbent upon this court to dismiss the appeal.

Because Shefner has appealed from a nonfinal order which does not contain the necessary language set forth in Rule 304(a), we dismiss the appeal.

Appeal dismissed.

McNULTY, P.J., and GORDON, J., concur.