NORTHERN TRUST COMPANY, Plaintiff-Appellee, v. AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee, *et al.*, Defendants (Thomas J. Farrell, Defendant-Appellant).

First District (3rd Division)   No. 1—92—0775

Opinion filed June 29, 1994.

Thomas J. Farrell, of Chicago, appellant *pro se.*

Fisher & Fisher and Winston & Strawn, both of Chicago, for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Defendant Thomas J. Farrell appeals the trial court's orders which entered a default judgment against him in a mortgage foreclosure action (December 10, 1991) and which denied his motion to vacate the default judgment (February 3, 1992). We affirm.

On February 26, 1991, plaintiff Northern Trust Company filed a verified complaint to foreclose on a mortgage executed by plaintiff in April 1989 encumbering two buildings, apparently residential property. At the time the complaint was filed, the outstanding balance was $525,126.10 with interest accruing at the rate of $156.39 per day. Defendant was personally served with summons on July 2, 1991.

On September 17, 1991, the trial court allowed defendant leave to file his appearance by his attorneys Vedder, Price, Kaufman & Kammholz although such filing was 45 days overdue. The trial court further granted defendant's motion for a 14-day extension to file his response to plaintiff's complaint and plaintiff's motion for judgment of foreclosure, setting the due date for defendant's pleadings on October 2, 1991.

On October 3, 1991, defendant moved for another 14-day extension of time to file a response to plaintiff's complaint on the grounds that defendant was negotiating with a lender to refinance the indebtedness which was the subject of the lawsuit. Defendant set this motion for extension of time to be heard on October 31, thereby seeking, in effect, a 43-day extension since the motion would not be heard until October 31 and, if granted, would not require defendant to respond to plaintiff's complaint until November 14, 1991.

408

On October 30, 1991, the trial court entered an order granting defendant's motion for the additional extension of time allowing defendant until November 13, 1991, to file an answer to plaintiff's complaint. The order specifically stated, with the emphasis noted, that "This date is *FINAL*."

Defendant's attorneys (Vedder, Price) next filed a motion, set to be heard on November 13, 1991, to withdraw as attorneys for defendant "because substantial and irreconcilable differences with respect to the future conduct of the litigation have arisen, because an agreement with respect to expenses and fees has not been fulfilled, and because the client has consented to termination of the lawyers' employment after disclosure."

On November 13, 1991, the trial court granted defendant's attorneys leave to withdraw and granted defendant 21 days to file a supplemental appearance. The order continued the matter until December 10, 1991, at which time the court would hear plaintiff's motion for judgment of foreclosure. The order further specifically stated, with the emphasis noted, "This is a *FINAL* continuance."

On December 4, 1991, defendant, who identified himself as an attorney, filed a supplemental appearance to represent himself.

On December 10, 1991, a hearing was held on plaintiff's motion for judgment, foreclosure and sale. Defendant appeared on his own behalf and stated that he had been diligently working to find an attorney and retained an attorney named Steve Goldberg, who was not present due to a scheduling conflict but "might be able to appear next week." Defendant asserted that he had "a very legitimate defense" and "would like an opportunity to present it." Plaintiff reminded the court of the previous extensions granted, of defendant's failure to file a response to date, and of the two final dates already entered in this matter. The trial court observed:

"If Mr. Goldberg is going to come in, if possible, he can get this vacated, especially if those affirmative defenses are reported as indicated; but nothing has been filed. And somebody should have come up with your affirmative defenses by now."

The trial court entered a default order, a judgment of foreclosure and sale, and an order appointing a selling officer to sell the property at issue at a public auction.

On January 9, 1992, defendant filed, through another attorney (Michael Sachs), a motion to vacate the default judgment. Defendant's motion contended that defendant "has a possible affirmative defense to Plaintiff's complaint" but maintained that defendant's new counsel (Sachs) "has not had time to review this matter so as to conduct a proper investigation before filing an Answer or otherwise pleading."

On February 3, 1992, the trial court denied defendant's motion to vacate the judgment of foreclosure and made the order final and appealable.

On March 4, 1992, defendant filed a notice of appeal from the order of December 10, 1991, which granted plaintiff's motion for a default judgment, and the order of February 3, 1992, which denied defendant's motion to vacate the judgment of foreclosure.

After defendant filed a notice of appeal, Robin G. Munden and Gail S. Munden filed a verified petition to intervene and for stay of the foreclosure sale on March 11, 1992. The Mundens alleged that the property to be foreclosed contained two structures, one of which is a two-story coach house. In May 1991, the Mundens entered into an installment sale contract with defendant for the coach house. On May 17, 1991, the Mundens closed on the contract and delivered to defendant $80,000.

By affidavit dated March 10, 1992, and attached to the Mundens' pleading, defendant attested that on May 17, 1991, he met with plaintiff to discuss an agreement by which the coach house would be severed from the property and plaintiff would issue a partial release of the mortgage to allow the sale of the severed portion to the Mundens. Defendant maintained that plaintiff agreed to defendant's proposal in return for consideration of $20,000 and at some unspecified time thereafter defendant deposited a check payable to plaintiff for $20,000. About May 22, 1991, defendant was informed that plaintiff had rescinded the agreement and the check, which had not been cashed, was returned to defendant.

On March 13, 1992, defendant, now represented again by Vedder, Price, Kaufman & Kammholz, filed an emergency motion to stay enforcement of the judgment pending defendant's appeal to prevent the sale of the property which was scheduled for March 17, 1992.

On March 13, 1992, the trial court denied the Mundens' petition to intervene and denied defendant's motion to stay "as more appropriately brought before the Appellate Court."

The property was sold at public auction on March 17, 1992, to plaintiff as the highest bidder for $635,340.64. On April 16, 1992, the trial court entered an order approving the sale of the property and the distribution of the sale proceeds.

Defendant first asserts that the entry of the default judgment constitutes an abuse of discretion because the trial court failed to provide defendant with sufficient time to obtain substitute counsel after his original counsel was allowed to withdraw (November 13) 27 days before the hearing on plaintiff's motion for a default judgment (December 10).

The only two cases on which defendant relies are particularly distinguishable, *i.e.*, *In re Marriage of Santa Cruz* (1989), 179 Ill. App. 3d 611, 534 N.E.2d 636, and *In re Marriage of Humphrey* (1984), 121 Ill. App. 3d 701, 460 N.E.2d 52. In *Santa Cruz*, the intervenor grandmother had custody of her granddaughter Christianne. Christianne's mother sought unsupervised visitation with Christianne. The intervenor received notice of her counsel's motion to withdraw on February 2. Two days later, on February 4, the trial court allowed the intervenor's counsel to withdraw and immediately granted the mother's petition for visitation. Supreme Court Rule 13 (134 Ill. 2d R. 13) provides a 21-day period after withdrawal within which the party can secure counsel. To allow proceedings to go forward during the period would be against the wisdom of Rule 13. Accordingly, the trial court was reversed in *Santa Cruz* by reasons of the entry of the improper order (1) only two days after the withdrawing counsel's client received notice, (2) on the same day and at the same proceeding where counsel was allowed to withdraw, and (3) at a proceeding where the intervenor was absent and had no legal representation.

Similar to the events in *Santa Cruz*, the appellate court in *Humphrey* reversed an order which imposed sanctions on the husband for alleged discovery violations because (1) the record did not establish that the husband knew his counsel had withdrawn prior to a hearing on the wife's motion for sanctions, (2) the improper order was entered at a hearing held on the same day the husband's counsel was allowed to withdraw, and (3) neither the husband nor any attorney representing him was present at the hearing.

Unlike the husband in *Humphrey*, defendant in the present case knew that his attorneys were seeking to withdraw as his counsel as evidenced by the proof of service of counsel's motion to withdraw, which was received by defendant on November 11, and knew that the trial court allowed his counsel to withdraw as evidenced by proof of service of the order on the motion to withdraw, which was received by defendant on November 13.

Unlike the events in *Santa Cruz* and *Humphrey*, the trial court in the present case granted defendant 21 days to obtain other counsel before it would hear plaintiff's motion for judgment of foreclosure (actually 27 days, since the next hearing was December 10). Six days prior to the scheduled hearing, defendant filed a supplemental appearance representing himself as an attorney. Moreover, in contrast to *Santa Cruz* and *Humphrey*, defendant was present at the hearing where the contested order was entered.

●1 A litigant has no absolute right to a continuance. *In re Marriage of Chesrow* (1994), 255 Ill. App. 3d 613, 617, 627 N.E.2d 416.

•2 Supreme Court Rule 13 requires a withdrawing attorney to notify his client that the client should retain other counsel or file a supplementary appearance with the clerk of court within 21 days after the entry of the order of withdrawal. (134 Ill. 2d R. 13(c).) Looking to the language and spirit of Rule 13, an order dismissing a plaintiff's complaint with prejudice was reversed because the plaintiff's attorney had withdrawn only 10 days prior to the hearing and the trial court had refused the plaintiff's request for a continuance to obtain counsel. *Ali v. Jones* (1993), 239 Ill. App. 3d 844, 607 N.E.2d 655.

Where, however, the trial court granted the defendants 21 days to file a supplemental appearance after the defendants' counsel had been allowed to withdraw, the subsequent default order was upheld by this court even though the defendant failed to file any appearance before the next status call. *Berman v. Dempsey* (1994), 257 Ill. App. 3d 496, 629 N.E.2d 720.

•3 In light of these guidelines, we find that the 21-day continuance granted to defendant after allowing his counsel to withdraw was sufficient time to retain new counsel and did not cause the entry of the default judgment to constitute an abuse of discretion.

•4 Second, defendant asserts that the denial of his motion to vacate the default judgment constitutes an abuse of discretion because he had a defense to plaintiff's foreclosure action. Defendant argues that the essence of his affirmative defense to plaintiff's foreclosure action is set forth in his affidavit, which was attached to the Mundens' petition to intervene and which demonstrates an agreement in which plaintiff would accept payment of $20,000 from defendant and in return defendant would obtain a partial release of plaintiff's mortgage.

Plaintiff contends that the trial court did not abuse its discretion in holding defendant in default or in refusing to vacate the default order because substantial justice was done between the parties. Plaintiff argues that defendant failed to proceed with due diligence, to deny the allegations of plaintiff's complaint, to inform the court of the basis for any affirmative defense, to heed the trial court's admonitions that the continuances granted were final, and to demonstrate significant hardship. It further notes that the affidavit upon which defendant relies was filed three months after the entry of the default judgment.

The Code of Civil Procedure provides that the

"court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms

and conditions that shall be reasonable." 735 ILCS 5/2—1301(e) (West 1992).

The moving party has the burden of establishing sufficient grounds to vacate a default judgment. (*United States Fidelity & Guaranty Co. v. Lee* (1992), 230 Ill. App. 3d 635, 637, 594 N.E.2d 1329.) Absent an abuse of discretion, the trial court's decision to grant or deny a motion to vacate a default order will not be reversed. *Lee*, 230 Ill. App. 3d at 637.

To determine whether or not to vacate a default judgment, just as in determining whether or not to enter a default order, the court's overriding consideration should be whether substantial justice is being done. (*Tiller v. Semonis* (1994), 263 Ill. App. 3d 653; *In re Marriage of Jackson* (1994), 259 Ill. App. 3d 538; *Wilkin Insulation Co. v. Holtz* (1989), 186 Ill. App. 3d 151, 542 N.E.2d 157.) Whether substantial justice is being achieved is not subject to precise definition but relevant considerations include the lack of diligence by the defaulter, the absence of a meritorious defense by the defaulter, the severity of the penalty resulting from the entry of a default order and the relative hardships on the parties arising from a grant or denial of default. (*Schoonover v. American Family Insurance Group* (1992), 230 Ill. App. 3d 65, 70-71, 595 N.E.2d 230; *Wilkin Insulation*, 186 Ill. App. 3d at 155.) The "doing of substantial justice must also respect the rights of the plaintiff and other litigants whose case has merited the attention of the court." *Farm Credit Bank v. Schwarm* (1993), 251 Ill. App. 3d 205, 211, 622 N.E.2d 97 (affirmed the foreclosure judgment against the defendant).

Defendant's reliance upon a mysterious, unrevealed affirmative defense in this motion to vacate cannot satisfy the requirement that the moving party allege a meritorious defense. Defendant's reliance on his affidavit to demonstrate a possible meritorious defense to the foreclosure action is misplaced because his affidavit was not before the trial court and, accordingly, we must disregard it on appeal. (*Tiller*, 263 Ill. App. 3d at 656; *Continental Concrete Pipe Corp. v. Century Road Builders, Inc.* (1990), 195 Ill. App. 3d 1, 10, 552 N.E.2d 1032.) Defendant attached his affidavit to a petition to intervene filed by persons who were not parties in the default litigation and filed after defendant filed a notice of appeal in the default proceedings. Even if we considered the contents of his affidavit as a possible meritorious defense, defendant attested that the negotiations with plaintiff terminated about May 22, 1991, which precedes the date defendant received service in the instant action.

For all the foregoing reasons, we find that the denial of defendant's motion to vacate the default judgment was proper.

Affirmed.

RIZZI and CERDA, JJ., concur.