2019 IL App (1st) 190196-U

FIFTH DIVISION
November 15, 2019

No. 1-19-0196

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., as trustee for LSF9 Master Participation Trust, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17 CH 369 |
| STEVE K. STULTZ a/k/a STEVEN K. STULTZ; BRENITA STULTZ; STATE OF ILLINOIS; MIDLAND FUNDING, LLC; UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) ) ) ) ) | |
| Defendants | ) ) | |
| (Brenita Stultz, Defendant-Appellant). | ) ) | Honorable Darryl B. Simko, Judge Presiding. |

JUSTICE DELORT delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concur in the judgment.

**ORDER**

¶ 1     ***Held:***     In this mortgage foreclosure case, the circuit court neither erred in denying the property owner's motion to vacate, nor in confirming the judicial sale. An attempt to appeal a non-appealable order does not divest the circuit court of jurisdiction.

¶ 2                                    BACKGROUND

¶ 3      In 2003, Steve K. Stultz and his wife, Brenita Stultz, executed a note and a mortgage with Beneficial Illinois, Inc. (Beneficial) on property located in Chicago. On January 11, 2017, Beneficial's successor, U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust (U.S. Bank), sued the Stoltzes and others to foreclose the mortgage, alleging that payments on the note became delinquent beginning in June, 2016.

¶ 4      On January 22, 2017, Brenita was personally served at the subject property and received substitute service for Steve. According to a March 13 order, Steve appeared at a case management hearing and "submit[ted] himself to the jurisdiction of the court." He was given four weeks to answer the complaint. No answer was filed, however, and U.S. Bank eventually moved to default the Stoltzes for the failure to appear or answer. On September 6, 2017, the court entered an order reciting that Steve requested additional time to answer, and granting him until September 19 to do so. On September 18, Steve filed an "answer" which read, in its entirety: "I want to do a principal reduction/loan modification and work with the bank to get that done." U.S. Bank then withdrew its motion for default.

¶ 5      On October 13, 2017, U.S. Bank filed a motion for summary judgment against Steve and renewed its motion for default against Brenita. The court continued the summary judgment motion from time to time. On February 6, 2018, the court entered an order of foreclosure and sale, an order of default against Brenita, and a summary judgment order against Steve, noting that Steve was absent from court. The foreclosure order did not contain any language indicating that the order was final and appealable under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). U.S. Bank then set the sale of property for May 8, 2018 at 11:00 a.m.

¶ 6    About an hour before the May 8 scheduled sale, Brenita, who had never before participated in the case and who had been served with process 15 months earlier, filed two motions. She filed a motion for substitution for judge as of right, and a motion to vacate the February 6, 2018 default order pursuant to section 2-1301(e) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1301(e) (West 2016). The motion to vacate noted that the sale had not yet occurred and cited *Wells Fargo v. McCluskey*, 2013 IL 115469, for the proposition that a defendant may file a section 2-1301(e) motion to vacate up to the time a motion to confirm a judicial sale has been filed. The motion to vacate also recited that Brenita had a meritorious defense to the foreclosure because U.S. Bank, a non-resident of Illinois, had not filed security for costs as allegedly required by section 5-101 of the Code (735 ILCS 5/5-101 (West 2016)).

¶ 7    On May 22, U.S. Bank filed a motion to confirm the judicial sale, reciting that the sale had taken place as scheduled and that it purchased the property for a full credit bid. On the same day, the court entered an order—handwritten by Brenita's attorney—denying the motion for substitution of judge. The  court also denied the motion to vacate "as untimely[,] holding that the Judgment of Foreclosure is a final order."

¶ 8    On May 29, after U.S. Bank filed its motion to confirm sale, Brenita filed a notice of appeal stating that she sought review of an order entered on "5/29/18"[1] but seeking the following relief which clearly relates to the May 22, 2018 order: "Reversal of order denying motion to vacate pursuant to 735 ILCS 5/2-1301; reversal of order denying motion to substitute Judge." The appeal was docketed in this court as case no. 1-18-1125. U.S. Bank moved to dismiss that

---

[1] No May 29, 2018 order appears in the record, so we will assume that the notice of appeal contains a typographical error and was intended to refer to the May 22 order. See *State Security Insurance Co. v. Linton*, 67 Ill. App. 3d 480, 486 (1978) (holding that the wrong date on a notice of appeal does not create a fatal defect when it is a typographical error).

appeal for lack of jurisdiction, on the basis that orders denying a substitution of judge or denying a motion to vacate were not final and appealable orders. On July 12, 2018, this court granted the motion over Brenita's objection, and dismissed the appeal. This court's mandate was issued and filed in the circuit court on September 5, 2018.

¶ 9 On June 8, 2018, the circuit court entered an order noting the pendency of the notice of appeal and generally continuing U.S. Bank's motion to confirm sale. On August 21, 2018, the court entered an order, drafted by Brenita's attorney, setting a briefing schedule on U.S. Bank's motion to confirm sale. Brenita's response to the confirmation motion raised but a single point. She claimed that "justice was not otherwise done" by the sale, because U.S. Bank failed to file security for costs which was a valid defense requiring the court to grant her motion to vacate the original foreclosure order. The response did not raise any contentions that the circuit court lacked jurisdiction because of Brenita's appeal. U.S. Bank countered that any requirement for it to file security for costs was untimely and pre-empted by federal law. Nonetheless, U.S. Bank duly filed its security for costs, thus curing any potential defect. See 735 ILCS 5/5-103 (West 2016) (providing that security for costs, if filed within the time specified by the court, relates back to the filing of the action).

¶ 10 On October 2, 2018, the court confirmed the sale. Brenita moved to reconsider the confirmation order, arguing for the first time that the court lacked jurisdiction to entertain the motion to confirm sale. Brenita contended that during the period beginning when she filed her notice of appeal (May 29, 2018), to the date this court's mandate was filed with the circuit court (September 5, 2018), the circuit court was without authority to act on the case. Under this theory, the August 21 briefing schedule order was void. The October 2 confirmation order was also void she claimed, because although it was entered after the circuit court received this court's mandate,

it resulted from the natural progression of the void briefing schedule order. After further briefing, the circuit court denied the motion to reconsider on January 17, 2019.

¶ 11    Brenita timely filed a second notice of appeal, seeking review of: (1) the May 22, 2018 order denying her motion to vacate; (2) the October 2, 2018 order confirming the judicial sale; (3) the January 17, 2019 order denying her motion to reconsider the confirmation order.

¶ 12                                    ANALYSIS

¶ 13    On appeal, Brenita contends: (1) her section 2-1301(e) motion to vacate was not untimely and should have been considered on the merits; (2) the confirmation order was void because the circuit court was divested of jurisdiction during the pendency of her appeal; and (3) the circuit court erred in confirming the sale because "justice could not have been done" when she "could not meaningfully participate in the foreclosure because her timely filed Motion to Vacate was denied based on a mistake of law". She raises no issue on appeal regarding the denial of her motion for substitution of judge as a matter of right. We consider each issue in turn, beginning with the section 2-1301(e) motion to vacate.

¶ 14    Section 2-1301(e) of the Code provides: "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable."

¶ 15    In *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, our supreme court examined how section 2-1301(e) motions to vacate operate in the context of mortgage foreclosure cases. The court explained: "in the absence of a Supreme Court Rule 304(a) finding in the judgment of foreclosure, 'it is the order confirming the sale, rather than the judgment of foreclosure, that operates as the final and appealable order in a foreclosure case.' [Citation.] Accordingly, a

motion to vacate a default judgment of foreclosure brought before the order confirming the sale or within 30 days thereafter would be timely." *Id.*, ¶ 12. The court further explained the standards applicable to vacating default judgments under section 2-1301(e): "the overriding question is 'whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits.' [Citation.] Although relevant, the party need not necessarily show a meritorious defense and a reasonable excuse for failing to timely assert such defense. [Citation.] 'What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome.' [Citation.]" *Id.*, ¶ 16. Further, "[t]raditional considerations of due diligence and whether there is a meritorious defense will remain relevant in the court's consideration of whether substantial justice has been done between the parties and whether it is reasonable to vacate the default." *Id.*, ¶ 27.

¶ 16    Because Brenita filed her section 2-1301(e) motion before the order confirming the sale, it was timely under the *McCluskey* standard. It is unclear, then, why the circuit court's order contains a finding that it was untimely. Brenita has not provided a report of proceedings containing the court's oral explanation of its ruling and we suspect that the written notation on the order was the result of a misinterpretation of the circuit court's oral explanation of its ruling. Nonetheless, it is a "longstanding principle that a reviewing court can 'sustain the decision of a lower court on any grounds which are called for by the record, regardless of whether the lower court relied on those grounds and regardless of whether the lower court's reasoning was correct.' " *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 16, quoting *Leonardi v. Loyola University of Chicago*, 168 Ill. 2d 83, 97 (1995). Therefore, an "appellate court ought to focus on whether the record provides an adequate basis for upholding the circuit court's decision

\*\*\*, not on the circuit court's specific reasons for doing so." *Id.*, citing *Turner Investors v. Pirkl*, 338 Ill. App. 3d 676, 683 (2003) and *Sullivan v. Eichmann*, 213 Ill. 2d 82, 90 (2004) (finding that the record was sufficient to allow appellate review for an abuse of discretion, despite the fact that the appellant failed to provide the court with a transcript of the relevant hearing).

¶ 17    "The moving party has the burden of establishing sufficient grounds to vacate a default judgment." *Northern Trust Co. v. American National Bank & Trust Co. of Chicago*, 265 Ill. App. 3d 406, 412 (1994). Reliance on a "mysterious, unrevealed" defense is insufficient. *Id.* Fifteen months passed from the time Brenita was served with process until she first appeared in court. We must assume she was aware of the pending proceedings not only because she had been personally served and has raised no issue regarding the validity of service, but also because her husband, who resided at the property with her, participated at the circuit court level. The record shows that during that time, the court and counsel for U.S. Bank sent her numerous notices about forthcoming court dates, and the delinquency on the mortgage grew by thousands of dollars. Our supreme court has characterized the "defense" that she raised in her motion to vacate—failure of an out-of-state plaintiff to file security for costs—as a "dilatory motion" which is forfeited if not "made at the earliest moment at which it can be made". *Wilkinson v. Cox*, 228 Ill. 306, 307 (1907). Failure to provide security for costs so easily curable that it cannot even be remotely characterized as constituting any sort of defense. Brenita provided no other reason why allowing her to participate in the case at such a late stage would provide any sort of relief. On this record, we are compelled to find that substantial justice had been done and that the court did not abuse its discretion in denying the motion to vacate.

¶ 18    We next address Brenita's argument that the circuit court was divested of jurisdiction from May 29 to September 5, 2018, during the pendency of her first appeal. Whether a court had

jurisdiction raises an issue of law which we review *de novo. McCormick v. Robertson*, 2015 IL 118230, ¶ 18. In her first appeal, Brenita sought review of an order which: (1) denied her motion for substitution of judge as a matter of right; and (2) denied her motion to vacate. A judgment or order is "final" for appeal purposes if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). Clearly, neither the substitution of judge order nor the order denying the motion to vacate was final. See *Inland Commercial Property Managment, Inc. v. HOB I Holding Corp.*, 2015 IL App (1st) 141051, ¶ 24 (denial of substitution of judge motion is not final or appealable); *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 14 (denial of motion to vacate which does not terminate a case is not final or appealable).

¶ 19 Ordinarily, the filing of a notice of appeal divests the circuit court of jurisdiction. But the circuit court retains jurisdiction if a party attempts to appeal a non-appealable order. "The filing of a notice of appeal from an order or judgment which the supreme court rules do not make appealable neither deprives the trial court of jurisdiction to proceed with the case nor vests the appellate court with jurisdiction to consider it." *North Community Bank v. 17011 S. Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 24, citing *King City Federal Savings & Loan Ass'n v. Ison*, 80 Ill. App. 3d 900, 902 (1980). See also *Callen v. Akhter*, 66 Ill. App. 3d 421, 424 (1978) (holding that Illinois Supreme Court Rule 369(b), which allows the circuit court to proceed after it receives the mandate of the appellate court, does not apply to premature interlocutory appeals). If the contrary rule were to apply, then a litigant could simply file a notice of appeal on any order, halt proceedings in the circuit court until this court returned its mandate, and repeat the process over and over so as to indefinitely prevent the circuit court from concluding the case.

¶ 20    Therefore, the circuit court had jurisdiction to enter the briefing schedule on U.S. Bank's motion for confirmation of the judicial sale. It necessarily follows that the court was not jurisdictionally barred from confirming the sale at the conclusion of the briefing schedule. Because she chose to appeal orders which were clearly unappealable, Brenita cannot complain that she was deprived of an opportunity to challenge the confirmation of sale on the merits.

¶ 21    Moreover, even if the briefing schedule order had been entered without jurisdiction, it is beyond dispute that the mandate was filed on September 5. The circuit court clearly had jurisdiction on October 2 to entertain U.S. Bank's motion to confirm the sale. Additionally, it is beyond dispute that Brenita had the opportunity to—and did, in fact—challenge the confirmation of the sale with a written brief. So even if the briefing schedule were void, Brenita would have suffered no prejudice by the court confirming the sale on October 2.

¶ 22    Brenita's final contention of error is that the circuit court erred in confirming the sale. Section 15-1508(b) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1508(b) (West 2016) provides:

> "Upon motion and notice in accordance with court rules applicable to motions generally, which motion shall not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds that (i) a notice [of the sale] *** was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently or (iv) justice was otherwise not done, the court shall then enter an order confirming the sale."

¶ 23    Brenita claims that under subsection (iv), justice was not done by confirming the sale. The *McCluskey* court explained that this "justice clause" is limited in scope. It "merely codif[ies] that long-standing discretion of the courts of equity to refuse to confirm a judicial sale." *McCluskey*, 2013 IL 115469, ¶ 19. At the confirmation stage, "the balance of interests has shifted

between the parties," so that an objection to confirmation under the justice clause "cannot be based simply on a meritorious pleading defense to the underlying foreclosure complaint." *Id.* ¶ 25. Doing so would allow a borrower to "set aside the judicial sale and also unravel the underlying foreclosure judgment—after being given ample statutory opportunity to respond to the allegations of the complaint, and after being fully informed of the court process", which "would indeed be inconsistent with the need to establish stability in the judicial sale process." *Id.* The *McCluskey* court concluded that the "justice clause" is "a safety valve" to be used in "rare cases". *Id.*

¶ 24    Brenita's argument regarding the confirmation of sale simply bootstraps on the two issues which we have already discussed. Brenita argues that justice was "not done" by confirming the sale because the court should have granted her motion to vacate, and should have halted its proceedings during the pendency of her improper appeal. For the reasons we have explained, the circuit court properly denied her motion to vacate and proceeded during the pendency of her first appeal. Therefore, her final argument regarding the "justice clause" is without merit. It follows that the circuit court did not err in denying Brenita's motion to reconsider the confirmation.

¶ 25                                    CONCLUSION

¶ 26    We affirm the judgments of the circuit court: (1) denying Brenita's motion to vacate; (2) confirming the judicial sale; and (3) denying Brenita's motion to reconsider the confirmation of sale.

¶ 27    Affirmed.