2025 IL App (1st) 242310-U

THIRD DIVISION
December 10, 2025

No. 1-24-2310

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| TIFFANY DOCKERY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 24 M1 705509 |
| | ) | |
| RENITA GUTHRIE, | ) | Honorable |
| | ) | Krista D. Butler, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Martin and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Affirming the judgment of the circuit court in an eviction action where the appellant-lessee failed to provide an adequate record on appeal.

¶ 2    Lessor Tiffany Dockery (Dockery) filed an eviction action in the circuit court of Cook County against lessee Renita Guthrie (Guthrie).  After Guthrie failed to appear in person at the bench trial, the circuit court entered an eviction order by default and subsequently denied Guthrie's motion to vacate the default judgment.  In this appeal, Guthrie advances multiple challenges to the circuit court's rulings.  For the reasons discussed below, we affirm.

¶ 3                              BACKGROUND

¶ 4                    *Initiation of Eviction Action*

¶ 5      Guthrie leased an apartment from Dockery in the 100 block of North Mayfield Avenue in Chicago (property); the monthly rent was $1150.  Dockery filed a verified complaint for eviction against Guthrie on April 2, 2024, seeking $2300 in unpaid rent (*i.e.*, unpaid rent for two months).

¶ 6      On May 30, 2024, Guthrie filed a *pro se* appearance and an answer, affirmative defense, and counterclaim.  In her affirmative defense, Guthrie alleged that Dockery engaged in "retaliatory action" after Guthrie requested that she make repairs at the property.  In her counterclaim, Guthrie sought various amounts relating to Dockery's alleged violations of the Chicago Residential Landlord and Tenant Ordinance (RLTO) (Chicago Municipal Code § 5-12-010 *et seq.* (amended Mar. 31, 2004)).

¶ 7      Dockery filed a motion to strike and dismiss, asserting that the "entire pleading" should be stricken as unverified under section 2-605 of the Code of Civil Procedure (Code) (735 ILCS 5/2-605 (West 2024)).  Dockery further maintained that the affirmative defense and counterclaim did not comply with certain requirements of the Code and were otherwise factually deficient and/or "not germane" to the issue of possession (see 735 ILCS 5/9-106 (West 2024)).

¶ 8              *Retention of Counsel and Continued Litigation*

¶ 9      Prior to any ruling on the motion to strike and dismiss, attorney Mark Briseno Almanza (Almanza) filed an appearance on behalf of Guthrie on July 15, 2024.  Guthrie (through counsel) also filed a motion for leave to withdraw her answer and to file an amended counterclaim.  In an order entered on July 24, 2024, Guthrie was granted seven days to supplement her motion with a proposed amended pleading.

¶ 10      On July 31, 2024, Guthrie filed a new motion, *i.e.*, a motion to dismiss the complaint

under section 2-619 of the Code (735 ILCS 5/2-619 (West 2024)), claiming that Dockery waived her right to terminate the tenancy by accepting a $1000 payment from Guthrie in late March 2024. While Guthrie acknowledged that Dockery later attempted to refund the payment, Guthrie argued that such attempt "does not cure the fatal defect of the complaint at the time of filing."

¶ 11 On August 5, 2024, Guthrie filed a six-count "counter-complaint" asserting multiple violations of the RLTO. Guthrie alleged that Dockery failed to provide a receipt for her security deposit (count I); failed to hold the deposit in a separate interest-bearing account (count II); failed to provide the name of the financial institution where the security deposit was held (count III); failed to pay interest on the security deposit (count IV); engaged in retaliatory conduct by terminating the tenancy after Guthrie complained about issues with the property (count V); and failed to provide a summary of the RLTO (count VI).

¶ 12 In an order entered on August 9, 2024, the circuit court characterized the "counter-complaint" as an amended counterclaim. The order provided, in part, that the amended counterclaim was stricken "as filed without leave of Court but shall be considered as a proposed pleading along with" Guthrie's motion to withdraw her answer and to file an amended counterclaim.

¶ 13 In her response to the motion to withdraw her answer and file an amended counterclaim, Dockery argued that all counts other than the retaliatory conduct count (count V) were "non-germane" and could not be properly asserted in this eviction proceeding. In response to the motion to dismiss, Dockery asserted that she promptly returned Guthrie's "unsolicited" electronic payment and, in any event, the partial payment (of $1000) was insufficient to effectuate waiver of Dockery's right to terminate the tenancy under the RLTO.

¶ 14 In an order entered on September 12, 2024, the circuit court granted in part Guthrie's

motion to withdraw her answer and file an amended counterclaim. The court granted Guthrie "7 days to file an amended Counterclaim based upon retaliatory eviction, as set forth in Count V of the proposed pleading supporting her Motion." The record indicates that Guthrie never filed this amended counterclaim. Dockery's motion to strike and dismiss was granted by agreement, and the circuit court denied Guthrie's motion to dismiss. The order further provided, in part, that "[t]his cause is continued to October 4, 2024[,] at 10:30 [a.m.] for in-person bench trial."

¶ 15                    *Withdrawal of Counsel and Trial*

¶ 16    On September 19, 2024, attorney Almanza filed a motion to withdraw as Guthrie's counsel. A copy of Illinois Supreme Court Rule 13 (eff. Jan. 1, 2023), which addresses the withdrawal of an attorney, was attached as an exhibit to the motion. As the earliest date for presentment of the motion was October 3, 2024, which was the day before the trial, Almanza filed an emergency motion to withdraw on September 20, 2024. In an affidavit filed with the emergency motion, Almanza averred that Guthrie "breached her representation agreement" and that he could not continue representing Guthrie "due to a conflict and a breakdown in communication." Almanza further averred that Guthrie advised him that she no longer wished to work with him and that she intended to file a complaint against him.

¶ 17    Following a hearing on September 24, 2024, where Guthrie was present by Zoom videoconference, the circuit court entered an order which granted Almanza's emergency motion. The circuit court further ordered that "[t]he trial date of October 4, 2024[,] at 10:30 a.m. stands."

¶ 18    As discussed below, the matter proceeded to a bench trial on October 4, 2024. The circuit court entered an eviction order by default, as Guthrie was not in court. Guthrie was ordered to move out of the property, and a judgment of $11,014.25 was entered against her. The amount represented nine months' rent ($1150 x 9 = $10,350), plus $664.25 in court costs.

¶ 19                                    *Motion to Vacate Default Judgment*

¶ 20     On October 10, 2024, Guthrie—through new counsel—filed a motion to vacate the default judgment "due to a lack of proper representation and confusion surrounding her appearance at the court hearing." Guthrie stated that she appeared at trial via Zoom, "believing this virtual appearance sufficed given her previous counsel's involvement in the case."

¶ 21     Following oral argument, the circuit court entered an order on October 21, 2024, which denied the motion to vacate and provided that the eviction order "shall stand." Guthrie filed this timely appeal.

¶ 22                                              ANALYSIS

¶ 23     Guthrie advances three primary arguments on appeal. She initially asserts that the circuit court erred in denying her motion to vacate the default judgment. Guthrie next contends that the circuit court "neglected its obligation" to provide her with a 21-day period to obtain new counsel following the withdrawal of her prior attorney, as contemplated by Illinois Supreme Court Rule 13 (eff. Jan. 1, 2023). Finally, she maintains that the circuit court erred by denying her the opportunity to replead her counterclaim for retaliatory eviction.

¶ 24     Guthrie's final claim of error is readily resolved, as the circuit court expressly provided Guthrie with the opportunity to replead her counterclaim. In an order entered on September 12, 2024, the circuit court stated: "Defendant's Motion to Withdraw Answer and File an Amended Counterclaim is granted in part. Defendant is granted 7 days to file an amended Counterclaim based upon retaliatory eviction, as set forth in Count V of the proposed pleading supporting her Motion." Based on the foregoing, we reject Guthrie's contention that the circuit court committed reversible error by denying her the opportunity to replead her counterclaim for retaliatory eviction. Prior to considering her other claims of error, we briefly address a threshold matter.

¶ 25                              *Deficiencies of Appellant's Briefs*

¶ 26     We are compelled to note the significant inadequacies of Guthrie's briefs, including her noncompliance with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form and content of appellate briefs.  Among other things, her opening brief lacks a complete table of contents; lacks citations to authority regarding the applicable standard of review; and lacks references to the pages of the record on appeal in the statement of facts and the argument section. See Ill. S. Ct. R. 341(h)(1), (3), (6), (7) (eff. Oct. 1, 2020).  The brief contains multiple inaccuracies, *e.g.*, Guthrie states that the motion to vacate was filed on October 20, 2024, when it was filed on October 10, 2024, and she represents that the circuit court denied the motion to vacate on October 4, 2024, when the order was entered on October 21, 2024.  In violation of Illinois Supreme Court Rule 23(e) (eff. June 3, 2025), she cites nonprecedential orders which were entered prior to January 1, 2021.  Her reply brief is not "confined strictly to replying to arguments presented in the brief of the appellee" (Ill. S. Ct. R. 341(j) (eff. Oct. 1, 2020)), *e.g.*, the "conclusion" of the reply brief discusses standards of review which are largely inapplicable to this case.  Finally, the appendices to the parties' briefs contain transcripts of court proceedings which were not included as part of the record on appeal.  As discussed below, the deficiency of the record is dispositive of this appeal.

¶ 27     "A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authorities cited and a cohesive legal argument presented." *Garland v. Sybaris Club International, Inc.*, 2014 IL App (1st) 112615, ¶ 64.  While we can discern and will consider Guthrie's contentions on appeal, the imprecision of her briefs needlessly complicated our review. See *Mitchell v. Michael's Sports Lounge*, 2023 IL App (1st) 220011, ¶ 23 (cautioning that our supreme court rules are not suggestions but have the force of law and must be followed).

¶ 28                    *Denial of Motion to Vacate Default Judgment*

¶ 29    Guthrie challenges the denial of her motion to vacate the default judgment. Although not cited in the motion, section 2-1301 of the Code provides the basis for the relief requested therein. Pursuant to section 2-1301(e), the circuit court "may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2024). As the moving party, Guthrie bore the burden of establishing sufficient grounds to vacate the default judgment. See *Northern Trust Co. v. American National Bank & Trust Co. of Chicago*, 265 Ill. App. 3d 406, 412 (1994).

¶ 30    The decision whether to grant or deny a motion under section 2-1301 is within the sound discretion of the circuit court, and the decision will not be reversed absent an abuse of discretion or a denial of substantial justice. *SP Consulting, Inc. v. Exceleo Business Consulting, Inc.*, 2024 IL App (1st) 230995, ¶ 27. A reviewing court may find an abuse of discretion only where no reasonable person would take the position adopted by the circuit court, *i.e.*, where the circuit court acted arbitrarily or ignored recognized legal principles. *Jackson v. Bailey*, 384 Ill. App. 3d 546, 548-49 (2008). "Whether substantial justice is being achieved is not subject to precise definition but relevant considerations include the lack of diligence by the defaulter, the absence of a meritorious defense by the defaulter, the severity of the penalty resulting from the entry of a default order and the relative hardships on the parties arising from a grant or denial of default." *Northern Trust Co.*, 265 Ill. App. 3d at 412. Accord *Jackson*, 384 Ill. App. 3d at 549.

¶ 31    A court should consider all the events leading up to the default judgment when determining whether substantial justice is being done. *Wolkowitz v. Jamison*, 2024 IL App (1st) 230455, ¶ 39. "[W]hat is just and proper must be determined by the facts of each case; there is

no hard and fast rule applicable to all situations." *SP Consulting, Inc.*, 2024 IL App (1st) 230995, ¶ 27. In this case, we are unable to determine whether the circuit court abused its discretion or whether substantial justice was done, as the record on appeal does not include a transcript (or an acceptable substitute) for the trial, for the hearing on the motion to vacate the default judgment, or for any other hearings.

¶ 32    Guthrie, as the appellant, has the burden to present a sufficiently complete record of the proceedings to support her claims of error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Illinois Supreme Court Rule 321 requires that the record on appeal contain the common law record and any report of proceedings prepared in accordance with Illinois Supreme Court Rule 323. Ill. S. Ct. R. 321 (eff. Oct. 1, 2021). Rule 323 addresses the certification and filing of the transcripts of the circuit court proceedings and provides for a bystander's report or an agreed statement of facts if no verbatim transcript is available. Ill. S. Ct. R. 323 (eff. July 1, 2017). The record on appeal is prepared and certified by the clerk of the circuit court. Ill. S. Ct. R. 324 (eff. July 1, 2017). See *Kilpatrick v. Baxter Healthcare Corp.*, 2023 IL App (2d) 230088, ¶ 10. If materials are not in the appellate record, they may not be placed before the reviewing court in an appendix. See Ill. S. Ct. R. 342 (eff. Oct. 1, 2019) (providing that the appendix to an appellant's brief is limited to the pleadings or other materials "from the record"). Accord *Waukegan Hospitality Group, LLC v. Stretch's Sports Bar & Grill Corp.*, 2024 IL 129277, ¶ 20.

¶ 33    Guthrie included the transcripts of certain circuit court proceedings in the appendices to her briefs (as did Dockery). The record on appeal which was prepared and certified by the circuit court clerk, however, does not contain any transcripts or acceptable substitutes. "An appellate court may not consider documents that are not part of the certified record on appeal, and attachments to appellate briefs that are not contained in the certified record on appeal

cannot be used to supplement the record and are not properly before a reviewing court." *Kilpatrick*, 2023 IL App (2d) 230088, ¶ 11. Accord *Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 392 Ill. App. 3d 1, 14 (2009). See also *In re Baby Girl F.*, 402 Ill. App. 3d 127, 129 n.1 (2008) (refusing to consider a transcript of proceedings included in the appendix of a brief but not in the record). Illinois Supreme Court Rule 329 allows parties to correct material omissions from the record by stipulation (Ill. S. Ct. R. 329 (eff. July 1, 2017)), but that has not occurred in this case. See *In re R.M.*, 2022 IL App (4th) 210426, ¶ 21 (noting that Rule 329 allows the record to be supplemented on appeal, but the attachments to a brief cannot be used to supplement the record). Therefore, we may only consider the materials which properly appear in the appellate record. See *Oruta v. B.E.W. & Continental*, 2016 IL App (1st) 152735, ¶ 32; *In re Parentage of Melton*, 321 Ill. App. 3d 823, 826 (2001).

¶ 34    Based on our review of the record, an order was entered on September 12, 2024, which provided that the case was continued to October 4, 2024, for an in-person bench trial. In orders entered after the September 24, 2024, hearing, the circuit court permitted attorney Almanza to withdraw and noted that the October 4, 2024, trial date "stands." Simply put, the foregoing orders do not expressly state or implicitly suggest that Guthrie could appear remotely at the trial. See *Wolkowitz*, 2024 IL App (1st) 230455, ¶ 45 (finding no abuse of discretion by the circuit court in denying the defendant's posttrial motion to vacate where "she failed to show up in person as directed by an unambiguous and written court order").

¶ 35    Guthrie nevertheless maintains that "there is no evidence" that she was "specifically and unequivocally admonished regarding the need to appear in person." As noted above, however, Guthrie has the burden of providing an adequate record on appeal, and any doubts arising from the deficiencies of the record must be resolved against her. See *Scatchell v. Board of Fire &*

*Police Commissioners for the Village of Melrose Park*, 2022 IL App (1st) 201361, ¶ 129. Without a transcript or report of the relevant proceedings, we are unable to assess Guthrie's claim of "a potential lack of clarity" in the circuit court's communications.

¶ 36    Although we recognize that "[t]he law prefers that controversies be determined according to the substantive rights of the parties" (*In re Haley D.*, 2011 IL 110886, ¶ 69), we also observe that the "doing of substantial justice" must respect the rights of both parties.  See *Northern Trust Co.*, 265 Ill. App. 3d at 412.  Dockery filed the eviction action in April 2024, seeking possession of the property and two months of unpaid rent.  The purpose of an eviction action is to provide a "speedy remedy to restore possession to those entitled to it."  *Granville Tower Condominium Assoc. v. Escobar*, 2022 IL App (1st) 200362, ¶ 43.  See also *Milton v. Therra*, 2018 IL App (1st) 171392, ¶ 23 (noting that while an eviction action is a "summary statutory proceeding for determining possession rights without the added complication of deciding unrelated matters," a claim for rent may be joined in the complaint).  Despite the limited nature of the eviction proceedings, Guthrie repeatedly asserted counterclaims against Dockery which were not germane to the issue of possession, *i.e.*, claims for RLTO violations other than the retaliatory eviction claim.  See *id.* (providing that a defendant's claim questioning the plaintiff's motivation for bringing the eviction action is germane to the issue of possession).  By the time Guthrie failed to appear at the in-person trial, Dockery was owed nine months of unpaid rent, as reflected in the eviction order.  Based on the foregoing, and in the absence of a complete record, we cannot conclude that the circuit court abused its discretion in denying Guthrie's motion to vacate the default judgment.  See *Jacobo v. Vandervere*, 401 Ill. App. 3d 712, 716 (2010).  See also *Wolkowitz*, 2024 IL App (1st) 230455, ¶ 38 (asking "whether it is fair, under the circumstances, to force the other side to go to trial a second time when the moving side was absent").

¶ 37                                    *Time to Obtain New Counsel*

¶ 38     Guthrie also contends that the circuit court failed to provide adequate time for her to retain new counsel after Almanza's withdrawal on September 24, 2024.  Illinois Supreme Court Rule 13 "requires a withdrawing attorney to notify his client that the client should retain other counsel or file a supplementary appearance with the clerk of the court within 21 days after the entry of the order of withdrawal." *Northern Trust Co.*, 265 Ill. App. 3d at 411.  See Ill. S. Ct. R. 13(c)(2) (eff. Jan. 1, 2023).  Illinois courts have held that the "spirit of Rule 13 requires that a party be given a 21-day transition period following the withdrawal of their attorney to obtain new counsel or filed their own supplementary appearance and that the trial court take no action during that period that might prejudice the party's rights." *In re Marriage of Pavlovich*, 2019 IL App (1st) 172859, ¶ 19.  In this case, the circuit court entered an eviction order by default against Guthrie on October 4, 2024, *i.e.*, 10 days after Almanza's withdrawal.

¶ 39     As this court has recognized, however, "[n]ot all failures to allow for such a 21-day transition period constitute reversible error." *Id*.  In determining whether such a failure constitutes a reversible error, courts have considered:

> "the particular facts and circumstances surrounding the particular motion to withdraw including whether the party fired the attorney, when the motion to withdraw was filed in relation to upcoming proceedings, whether the party claims they were prejudiced by actions taken within 21 days of the withdrawal, whether the party appeared at the hearing that resulted in the order challenged on appeal, how soon after granting the withdrawal the trial court took allegedly prejudicial action, whether subsequently retained counsel appeared and was ready to proceed at proceedings within 21 days, and whether the party had notice of the intent to withdraw and/or the order granting withdrawal." *Id*.

11

¶ 40    As discussed above, the appellate record in this case does not include transcripts or other reports of the hearing on the motion to withdraw or of the trial (or of any other proceedings). We are thus unable to review the specific facts and circumstances of the circuit court's grant of the motion to withdraw without allowing for a 21-day transition period. See *id.* ¶¶ 19-20.  Any doubts arising from the incompleteness of the record are resolved against Guthrie, as the appellant, and "we will assume the court's order was amply supported by the facts and conformed to the law." *Scatchell*, 2022 IL App (1st) 201361, ¶ 129.  Guthrie's claim of error based on Illinois Supreme Court Rule 13 thus fails.

¶ 41                                  CONCLUSION

¶ 42    For the reasons discussed herein, the judgment of the circuit court of Cook County is affirmed in its entirety.

¶ 43    Affirmed.