2025 IL App (1st) 240967-U

No. 1-24-0967

Order filed August 5, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| LOANDEPOT.COM LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18CH5082 |
| | ) | |
| RUSSELL BARNES JR., | ) | Honorable |
| | ) | James T. Derico Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Van Tine and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where defendant failed to present an adequate record on appeal, we affirm the judgment of the trial court denying his motion to vacate a default judgment and confirming the foreclosure sale.

¶ 2    In this mortgage foreclosure action, defendant Russell Barnes Jr. (Barnes) appeals from circuit court orders denying his motion to vacate a default judgment in favor of plaintiff LoanDepot.com LLC and confirming the sale of the mortgaged property. Barnes contends that the court abused its discretion in denying his motion to vacate the default judgment, and that justice

was not done by confirming the sale. Because Barnes failed to present an adequate record on appeal for our review of the issues presented, we affirm the judgment of the trial court.

¶ 3    No report of proceedings is included in the record on appeal. The following background is derived from the common law record.

¶ 4    On April 19, 2018, plaintiff filed a mortgage foreclosure complaint against Barnes, the City of Chicago, unknown owners, and nonrecord claimants, seeking foreclosure of Barnes's mortgage on certain real property in Chicago (the property). The complaint alleged that Barnes had not made a payment on the $203,500 mortgage loan since December 1, 2017, and owed $203,232.03 plus $25.40 per day in interest, costs, advances, and fees. The City of Chicago was named as a defendant because it had a $5,465.99 lien on the property that was subordinate to plaintiff's mortgage. Plaintiff sought foreclosure and sale of the property, a judgment against Barnes for any deficiency, and an award of attorney fees and costs. A copy of the mortgage was attached to the complaint.

¶ 5    After multiple unsuccessful attempts at personal service on Barnes at the property and a suburban address, including by appointed special process server in April through June of 2018, plaintiff filed a certification that Barnes was served by publication in July 2018.

¶ 6    On September 12, 2018, plaintiff filed a motion for entry of an order of default and a motion for a judgment of foreclosure and sale, with the latter alleging that at least 60 days had passed since all parties had been served with process. The motions were accompanied by plaintiff's certificate that its attorney fees and costs totaling $3,226 were reasonable expenses incurred in its suit against Barnes. Notices of the motions were mailed to Barnes at the property and the suburban address.

¶ 7    On October 1, 2018, the court granted plaintiff's motion and entered an order of default and judgment of foreclosure against Barnes and the other defendants. The judgment amount was

$219,482.68 including interest, costs, and attorney fees to date. Notice of entry of the order was mailed to Barnes at the property on October 3, 2018.

¶ 8 From time to time over the next four years, the court continued the scheduled sale of the property, and notice of each continuance was given by publication and mailed to Barnes at the property and the suburban address. In January 2023, the sale was scheduled for February 15, 2023.

¶ 9 On April 6, 2023, Barnes filed a *pro se* emergency motion to stay the foreclosure sale. Barnes claimed that his "financial situation has improved significantly" and the value of the property increased due to "recent renovations and improvements." He requested additional time to make a plan to pay his debt and "find solutions for [his] tenant."

¶ 10 On April 10, 2023, the court granted the emergency motion and stayed the foreclosure sale through June 5, 2023, over plaintiff's objection. The court continued the sale to June 6, 2023, and notice of the continuance was given by publication and mailed to Barnes at the property and the suburban address.

¶ 11 On June 2, 2023, Barnes filed his appearance through counsel and a combined emergency motion to stay sale and vacate default. Barnes alleged he had pending applications for a loan modification and homeowner assistance up to $60,000 that would be hampered by a sale of the property to a third party. If his default was vacated, Barnes would raise affirmative defenses including failure to satisfy contractual and statutory conditions precedent to foreclosure. Attached to Barnes's motion were an unsigned homeowner assistance agreement for the property, Barnes's loan modification application, and Barnes's proposed answer and affirmative defenses. The draft answer denied all allegations of the foreclosure complaint except that Barnes was an owner of the

property, and asserted affirmative defenses that plaintiff had not given, and Barnes had not received, notices required by the terms of the mortgage that complied with federal regulations.

¶ 12 On June 5, 2023, in an order reciting that counsel for both parties were present, the court denied Barnes's motion to vacate default but, over plaintiff's objection, stayed sale of the property through July 31, 2023.

¶ 13 Notice of a foreclosure sale on October 2, 2023, was given by publication and sent to Barnes's counsel.

¶ 14 On November 1, 2023, the property was sold "at a public sale to the highest bidder" to plaintiff for $317,540.24. The report of sale and distribution indicated that, after including all interest, fees and costs incurred since the judgment of foreclosure including the cost of the sale, plaintiff's winning bid would leave neither a deficiency nor a surplus.

¶ 15 On November 29, 2023, plaintiff filed a motion for an order approving sale and distribution. Barnes filed a response to plaintiff's motion, arguing that the court had broad discretion to reject the sale because justice was not done, which occurred when his motion to set aside the default was denied. Plaintiff filed a reply in support of its motion, arguing that the court's discretion to reject the sale was not as broad as Barnes claimed, Barnes was not claiming impropriety in the sale (failure to give proper notice of sale, unconscionable sale price, or a sale conducted fraudulently), and denial of vacatur after nearly five years did not constitute a denial of justice.

¶ 16 On March 13, 2024, in an order reciting that counsel for both parties were present, the court found no factors justifying denying approval of the sale and entered an order continuing the case for a discussion of "the postjudgment fees and credits reflected on the report of sale" and entry of

the order confirming sale. On April 3, 2024, the court entered an order confirming the report of sale and distribution, ordering distribution of the sale proceeds pursuant to said report, approving plaintiff's fees and costs since entry of the judgment of foreclosure, ordering the issuance of a deed to plaintiff, and ordering the sheriff to evict Barnes from the property on or after June 1, 2024.

¶ 17 On appeal, Barnes contends that the circuit court abused its discretion in denying his motion to vacate the default judgment, and that justice was not done by the circuit court order confirming the sale of the property because he was not allowed to present meritorious defenses.

¶ 18 Section 2-1301(d) of the Code of Civil Procedure (Code) provides that the circuit court may enter a judgment for default "for want of an appearance, or for failure to plead." 735 ILCS 5/2-1301(d) (West 2022). Section 2-1301(e) provides for setting aside defaults: "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." *Id.* § 2-1301(e). In a foreclosure action such as this one, the final order is the order confirming the sale, so that a section 2-1301(e) motion filed before an order confirming sale is timely. *Bayview Loan Servicing, LLC v. Starks*, 2022 IL App (2d) 210056, ¶ 15 (citing *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 12).

¶ 19 The principal consideration in ruling upon a motion to set aside a default under section 2-1301(e) is whether substantial justice was done between the parties. *Wolkowitz v. Jamison*, 2024 IL App (1st) 230455, ¶ 37. The movant need not necessarily show that he or she had a meritorious defense or a reason for not presenting a defense earlier, though diligence and a meritorious defense are relevant considerations in whether substantial justice was done. *Id.* ¶ 38; *Bayview Loan Servicing, LLC*, 2022 IL App (2d) 210056, ¶ 15. Instead, the primary issue is whether it is

reasonable under the circumstances to force the nonmovant to go to trial on the merits. *Wolkowitz*, 2024 IL App (1st) 230455, ¶ 38. The court should consider all the events leading up to the judgment in the particular case, and relevant considerations include the movant's diligence or lack thereof and the relevant hardships on the parties from granting or denying the motion. *Id.* ¶ 39.

¶ 20    As the decision whether to grant a motion under section 2-1301(e) is expressly discretionary, we review such a decision for an abuse of discretion. *Id.* ¶ 34. An abuse of discretion occurs when the circuit court's decision was arbitrary, fanciful, or unreasonable or where no reasonable person would take the position adopted by the court. *Id.*

¶ 21    Section 15-1508 of the Code provides for the circuit court's confirmation of mortgage foreclosure sales: "Upon motion and notice ***, which motion shall not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds that (i) a notice [of sale] required in accordance with [the Code] was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done, the court shall then enter an order confirming the sale." 735 ILCS 5/15-1508(b) (West 2022).

¶ 22    Objections to confirmation under the section 15-1508(b)(iv) justice clause " 'cannot be based simply on a meritorious pleading defense to the underlying foreclosure complaint,' " but instead an objector must show that " 'justice was not otherwise done because *either* the lender, through fraud or misrepresentation, prevented the borrower from raising his meritorious defenses to the complaint at an earlier time in the proceedings, *or* the borrower has equitable defenses that reveal he was otherwise prevented from protecting his property interests.' " (Emphases added in *Cortez*). *Deutsche Bank National Trust Co. v. Cortez*, 2020 IL App (1st) 192234, ¶ 23 (quoting

*McCluskey*, 2013 IL 115469, ¶¶ 25, 26). We review an order confirming a judicial sale for abuse of discretion. *Wilmington Savings Fund Society, FSB v. Herzog*, 2024 IL App (1st) 221467, ¶ 67.

¶ 23    As mentioned, the record on appeal does not include a transcript or proper substitute (see Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017)) for any of the court proceedings. That includes the key proceedings of June 5, 2023, in which the court denied Barnes's motion to vacate default, of March 13, 2024, in which the court found no grounds justifying denial of approval, and of April 3, 2024, in which the court approved the report of sale and distribution.

¶ 24    Our supreme court has long held that, in order to support a claim of error on appeal, the appellant, in this case Barnes, has the burden to present a sufficiently complete record. *Shrock v. Meier*, 2024 IL App (1st) 230069, ¶ 31 (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984)). Any doubts that may arise from the incompleteness of the record are resolved against the appellant. *Id*. On an incomplete record, we must presume that the circuit court order conformed to the law and had a sufficient factual basis. *Id.*

¶ 25    Here, given the applicable abuse of discretion standard of review for the issues raised in this case, transcripts of proceedings or acceptable substitutes would be necessary for us to reach the merits of this appeal. Without transcripts of the proceedings, we cannot know what evidence the parties presented to the trial court, such as the events leading to the default judgment, defendant's diligence or lack thereof, and the notice given before confirmation of the sale. Therefore, without transcripts of hearings on the motions, "there is no basis for holding that the trial court abused discretion in denying the motion[s]." *Foutch*, 99 Ill. 2d at 392. Accordingly, we affirm the judgment of the circuit court.

¶ 26    Affirmed.